UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA FLEMING,

    Plaintiff,

v.

FEDEX FREIGHT EAST and DAVE
MOLLARD,

    Defendants.
                              /

Case No. 06-11275

Honorable John Corbett O'Meara

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MAY 2, 2007 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on Defendants' May 2, 2007 motion for summary judgment. Plaintiff filed a response May 29, 2007; and Defendants filed a reply June 5, 2007. Oral argument was heard July 12, 2007.

**BACKGROUND FACTS**

Plaintiff Christina Fleming began working at defendant FedEx Freight East ("FXFE") on December 26, 1996, as a city driver delivering and picking up freight. Defendant Dave Mollard became her supervisor in the fall of 2000. During the relevant time period, Plaintiff was the only female employee at the FXFE center in Jackson, Michigan; the other 14 or 15 employees were men.

On May 3, 2004, Plaintiff was injured on the job when she was moving freight with a pallet jack. Plaintiff did not miss work as a result of that injury; however, she was placed on alternate duty after the accident. Although FXFE initially denied her claim for worker's compensation benefits, she prevailed in her appeal and was eventually awarded worker's compensation benefits as a result of that May 3, 2004 injury. A physician cleared her to return to full duty on October 11, 2004.

When she returned to work that day, she was injured again. That injury was diagnosed as a severe cervical sprain. Plaintiff has not returned to work since the October 11, 2004 injury; however, she is still employed with defendant FXFE.

Plaintiff has alleged a long list of complaints regarding her active employment with FXFE, particularly her supervision by defendant Mollard, which can be summarized as follows:

- Mollard regularly assigned Plaintiff the least desirable routes, including Milan Federal Correctional Facility and another site where she was forced to cross union picket lines, despite the fact that the routes were supposed to be assigned on the basis of seniority only, and Plaintiff had attained the fourth or fifth highest seniority among the drivers;

- Mollard required Plaintiff to take her lunch break at the furthest point from the center;

- Plaintiff was routinely called in to account for her performance numbers and the male employees were not;

- Plaintiff was required to have requests for repairs to her truck validated by a male driver prior to sending the truck for repairs;

- Plaintiff was not allowed to refuel her truck every day, yet the male drivers were allowed to;

- Mollard threatened her with termination;

- Mollard refused to communicate with her or answer her questions; and

- When she was assigned desk work after her injury, Mollard took her off that duty and gave her the task of painting 40 poles outside near the loading docks.

Plaintiff, a Michigan citizen, filed her complaint in the Circuit Court for the County of Jackson. Defendants filed notice of removal based on diversity of citizenship. FXFE is an Arkansas corporation with its principal place of business there. Defendant Mollard, a Canadian citizen, has moved from Michigan to California; and the law of the case (J. Feikens) has held that Mollard was domiciled in California before this suit was filed. Therefore, the court has jurisdiction to hear this matter based on diversity of citizenship.

2

Plaintiff initially alleged sex harassment, both *quid pro quo* and hostile work environment; sex discrimination; retaliation; retaliation for filing a worker's compensation claim; and intentional infliction of emotional distress. However, Plaintiff has withdrawn her claims for sex harassment and intentional infliction of emotional distress. All that remains are claims for sex discrimination, retaliation, and retaliation for filing a worker's compensation claim.

## LAW AND ANALYSIS

In order to establish a *prima facie* case of sex discrimination, a plaintiff must prove that she: (1) is a member of a protected class, (2) was subjected to an adverse employment action, (3) was qualified for the position, and (4) was treated less favorably than similarly situated employees who are outside the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

An adverse employment action is an employment decision that is materially adverse–something more than a mere inconvenience or an alteration of job responsibilities. There must be some objective basis for demonstrating that the change is adverse because a plaintiff's subjective impressions as to the desirability of one position over another are not controlling. Wilcoxon v. Minnesota Mining & Mfg. Co., 235 Mich. App. 347, 364 (1999). Typically, an adverse employment action takes the form of an ultimate employment decision such as "a termination in employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Kocsis v. Multi-Care Mgt. Inc., 97 F.3d 876, 886 (6th Cir. 1996).

In this case Plaintiff is not able to establish that she suffered an adverse employment action. She admitted in her deposition that she never suffered a demotion, a change in rate of pay, a change

3

in title or position, or a change in job duties. Plaintiff's dep. at 90-91. In addition, she was never denied a pay raise. Id. at 101-02. Plaintiff's subjective impressions as to the desirability of one delivery route over another are not sufficient to establish an adverse employment action.

To establish a *prima facie* case of retaliation, a plaintiff must demonstrate that: (1) she engaged in an activity protected by Title VII; (2) the exercise of her civil rights was know to the employer; (3) the employer thereafter took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. Ford v. General Motors Corp., 305 F.3d 545, 552-53 (6th Cir. 2002).

Again, as with her discrimination claim, plaintiff Fleming cannot show that she suffered an adverse employment action in order to establish a *prima facie* case of retaliation. Moreover, she cannot demonstrate that she engaged in an activity protected by Title VII or that her employer knew about her exercise of her civil rights. Plaintiff admitted that she did not complain to anyone at FXFE that she was being discriminated against on the basis of her sex. There is no evidence that she complained to anyone about any type of sexual harassment; rather, Plaintiff alleges that she was retaliated against because she questioned why Mollard changed her route assignments. Plaintiff's dep. at 121-23. That is not the type of complaint protected by Title VII which would give rise to a cause of action for retaliation.

Finally, Plaintiff claims that she was retaliated against by being actually or constructively discharged for filing a worker's compensation claim. Plaintiff also alleges she was retaliated against when she was prematurely forced back to work and required to work in a position for which she was not qualified, one in which she sustained further physical injury.

4

To establish a *prima facie* case of retaliation under the Michigan Worker's Compensation Disability Act ("WCDA"), a plaintiff must prove that: (1) she asserted her right to worker's compensation benefits; (2) the defendant knew that the plaintiff asserted her rights to benefits; (3) the defendant took an employment action adverse to plaintiff; and (4) there was a causal connection between the plaintiff's assertion of her right to benefits and the adverse action. Chiles v. Machine Shop, Inc., 238 Mich. App. 462, 470 (1999).

In this case plaintiff Fleming filed a worker's compensation claim, and defendant FXFE knew of the claim because it was fully litigated after being initially denied. Defendant FXFE argues that there was no adverse employment action taken against her. However, after her first injury, Plaintiff was unable to return to work as a driver and was assigned a desk job in the office. Plaintiff claims that she was forced to perform tasks that were outside her work restrictions. According to Plaintiff, Mollard gave her paint, a roller, and a tray and told her to paint 40 poles, each approximately three and a half feet high, near the loading dock. Plaintiff completed less than three of the poles when she claimed she was unable to finish and left work injured again. Defendants argue that Mollard's order regarding the paint job was well within her work restrictions.

On this claim only, the court finds that there are genuine issues of material fact regarding whether Defendants retaliated against her for filing a worker's compensation claim by requiring her to return to work prematurely and to perform tasks that were not within her work restrictions.

**ORDER**

It is hereby **ORDERED** that Defendants' May 2, 2007 motion for summary judgment is **GRANTED** with respect to the sex discrimination and retaliation claims and **DENIED** with respect

5

to the retaliation claim under the Michigan Worker's Compensation Disability Act.

                                              s/John Corbett O'Meara
                                              United States District Judge

Dated: July 25, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 25, 2007, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager